**In re HOWE PRODUCTS, INC., Debtor.**

**Bankruptcy No. 90–4879–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 24, 1991.

Bernard J. Morse, Tampa, Fla., for debtor.

Bi–County Development Norman Davidson, Tampa, Fla., for movant.

## ORDER ON MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case. The matter under consideration is Bi–County Development Corp.'s (Bi–County) Motion for Payment of Administrative Expense. Bi–County seeks an order directing Howe Products (Debtor–in–Possession) to pay the sum of $4,800.00 to Bi–County, based on a lease of a non-residential property entered into by Bi–County and the Debtor-in-Possession.

The Court has considered the Motion and Response by the Debtor-in-Possession, together with the record, and finds the facts which are without dispute and relevant to a determination of the Motion under consideration are as follows:

On September 5, 1989, Bi–County, as lessor, and the Debtor-in-Possession, as lessee, entered into a commercial lease of premises located in Sarasota, Florida, for an initial term of two months, beginning September 1, 1989, and ending October 31, 1989. The lease contained an option to renew for an additional sixty (60) month term. Rent stipulated in the lease called for a total rent payment for the initial term of $4,800.00 or $2,400.00 per month, plus sales and use taxes. Rental payments for the renewal term were the same as the monthly rental of the initial term, that is $2,400.00 per month.

The Debtor-in-Possession filed its Chapter 11 Petition on May 21, 1990. Subsequently, on September 17, 1990, the Debtor-in-Possession filed its motion for authority to assume the unexpired non-residential lease under the condition that the Debtor would withdraw its Motion if the Court would authorize the Debtor-in-Possession to sell substantially all of its assets. The

Court ultimately granted the Debtor-in-Possession authority to sell its assets. Eventually the Motion to Assume the unexpired lease was withdrawn by the Debtor-in-Possession on October 16, 1990, and the lease was never assumed although the Debtor-in-Possession remained on the premises and occupied the premises as a holdover tenant.

Bi–County contends that it is entitled to an award of an administrative expense of $4,800.00 representing the monthly rental payments for the months of May and September, 1990. Bi–County concedes that it received rent for the months of June, July and ·August, 1990. In its response, the Debtor-in-Possession contends that it has paid all post-petition rental payments due to Bi–County. Additionally, the Debtor-in-Possession states that its lease with Bi–County has terminated by operation of law, not having been assumed pursuant to § 365 of the Bankruptcy Code, and it has surrendered possession of the leased premises to Bi–County.

Section 503(b)(1)(A) of the Code expressly permits an allowance as a cost of administration for the actual and necessary costs and expenses for preserving the properties of the estate. There is no doubt that a landlord whose premises have been occupied by the Debtor-in-Possession is authorized under this section to be awarded an administrative expense for the use and occupancy of the premises.

In the present instance, it is without dispute that the Debtor-in-Possession occupied the leased premises until some time in October, 1990. Since the lease was never assumed, the Debtor-in-Possession was a holdover tenant because there is nothing in this record to suggest that the option to renew the lease was ever exercised by the Debtor-in-Possession. It is equally without dispute that the Debtor-in-Possession paid the monthly rent to Bi–County for the months of June, July and August, 1990, and also paid pro-rated rent for that portion of October, the period it occupied the premises. However, no rent was paid by the Debtor for the months of May or September, 1990.

It is well established that the amount of rent stipulated in the lease between the landlord and the Debtor represents the reasonable value of the use and occupancy of the premises by the estate. There is nothing in this record to suggest that the amount of the monthly rent specified in the initial lease between the parties does not represent the reasonable value of the use and occupancy of the premises by the Debtor-in-Possession. Therefore, this Court is satisfied that the estate is liable to Bi–County for administrative rent pursuant to § 503(b)(1)(A) of the Bankruptcy Code for that portion of May, 1990, when the Debtor in Possession occupied the premises and for the month of September, 1990, at a monthly rate of $2,400.00. Prorated rent for that period totals $3,174.20.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Payment of Administrative Expense be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Bi–County is hereby entitled to an administrative expense in the amount of $3,174.20.

DONE AND ORDERED.